Barnard, P. J.
This pleading is protected by section 484 of the Code, subdivision 9. The action does not fall within either of the first eight subdivisions of the section. The ninth subdivision provides for a complaint upon claims arising out of the same transaction or transactions connected with the same subject of action and not included within one of the foregoing subdivisions of this section.
The facts are brief and simple. There were four partners. One of them, the plaintiff’s testator, died. The other three, Dickendorf, Eafflaer and Eibschliecher, wrongfully exacted a bond from the plaintiffs as executors of the dead partner.
The bond has no consideration, and is generally averred to have been given for an illegal purpose. Whatever the purpose, it was not imputable to the plaintiffs. They signed the bond for their testator. The bond itself seems innocent. It only provides for keeping secret the business relations of the firm and its predecessors.
Assuming, therefore, illegal acts done in the life of the firm, and a bond given by the executors of one partner, with the defendant Kunkel as security, to the surviving partners not to make the wrong public, and assuming that the plaintiff took $5,000 out of this estate and delivered it to Kunkel as his security that the executors would keep *769 the bond, a good cause of action as stated against all the defendants. The action grows out of the bond. Kunkel cannot be made to return the money unless the bond is canceled, and that requires the surviving partners to be brought in. The partners need not be affected equally. Ho part of the action is technically ex delicto. It is an action to cancel a bad bond. The executors could not bind their estate by an agreement to use the funds of the estate, even to screen the testator. They were trustees that had misused their trust -funds. Kunkel knew it.
The other defendants have a void bond which Kunkel attempts to use, so that he may keep the money of the deceased.
The case is one of clear equity, and the complaint should be upheld.
Judgment for defendant Kunkel on demurrer reversed and his demurrer overruled, with costs, with leave to Kunkel to answer over on such payment.
Dykman and Pratt, JJ., concur.